1   Ted D. Meyer (pro hac vice application to be
    submitted)
2   Email: tmeyer@mmlfirm.com
    MEYER MOSER LANG LLP
3   708 Main Street, Suite 200
    Houston, Texas 77002
4   Telephone: (713) 951-1414
    Facsimile:  (713) 951-1499
5
6   Risa J. Morris (State Bar No. 221179)
    E-mail: rmorris@mmlfirm.com
7   MEYER MOSER LANG LLP
    9911 W. Pico Blvd., Suite 1560
8   Los Angeles, CA 90035
    Telephone:  (213) 330-1760
9   Facsimile:  (310) 496-0427

10
11  ATTORNEY FOR DEFENDANT
    BMC SOFTWARE, INC.

12

13              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
14                   SOUTHERN DIVISION

15

16  AIDE ESPINOZA, an individual,

17              Plaintiff,                    SACV13 - 01063 JVS (ANx)

18      v.                                   Case No. _____

19  BMC SOFTWARE, INC., a
    corporation; and DOES 1 through 100,     NOTICE OF REMOVAL OF
20  Inclusive,                               CIVIL ACTION FROM STATE
                                             COURT
21  Defendants.

22              Defendants.                  [28 U.S.C. §§ 1332, 1441(b) and
                                             1446]
23

24

25

26

27

28

1      TO THE CLERK OF THE ABOVE ENTITLED COURT:

2      PLEASE TAKE NOTICE THAT defendant BMC Software, Inc.

3 ("Defendant") in the action entitled *Aide Espinoza v. BMC Software, Inc. and DOES*

4 *One Through One Hundred, inclusive ,*Case No. 30-2013-00653142-CU-WT-CJC, in

5 the Superior Court of the State of California for the County of Orange (the

6 "Action"), has removed the Action to the United States District Court for the Central

7 District of California pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The

8 grounds for removal are set forth below.

9 <div align="center">**Jurisdiction**</div>

10      This Court has original jurisdiction of this action under 28 U.S.C. § 1331 in

11 that the Action is founded on a claim arising under the laws of the United States.

12      This Court further has original jurisdiction of this action under 28 U.S.C. §

13 1332 in that it is a civil action between citizens of different states and the matter in

14 controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive

15 of interest and costs.

16 <div align="center">**Assignment Within District**</div>

17      Plaintiff filed the Action in the Superior Court of California for the County of

18 Orange. Therefore, the Action may properly be removed to the Southern Division of

19 the Central District of California. 28 U.S.C. § 1441(a).

20 <div align="center">**Compliance with Statutory Requirements**</div>

21      1.    On or about May 30, 2013, Plaintiff Aide Espinoza ("Plaintiff")

22 commenced this action by filing a Complaint for Damages in the Superior Court of

23 the State of California for the County of Orange, Case No. 30-2013-00653142-CU-

24 WT-CJC, captioned *Aide Espinoza v. BMC Software, Inc. and DOES One Through*

25 *One Hundred, inclusive* ("Complaint"). Plaintiff seeks to recover damages for

26 alleged: (1) Sex Discrimination; (2) Failure to Engage In Interactive Process; (3)

27 Failure to Accommodate; (4) Retaliation in Violation of FEHA; (5) Violation of

28 PDLL; (6) Violation of CFRA/FMLA; (7) Wrongful Termination in Violation of

<div align="center">2</div>

<div align="center">**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**</div>

Public Policy; (8) Breach of the Implied Covenant of "Good Cause"); (9) Breach of the Implied Covenant of Good Faith and Fair Dealing; (10)  Unfair Business Practices; (11) Failure to Pay Wages and Overtime Compensation; and (12) Intentional Infliction of Emotional Distress.  Plaintiff's Complaint seeks compensatory and special damages, general damages, restitution and injunctive relief; punitive and exemplary damages, pre-judgment interest, and attorneys' fees.

2.    Defendant was served with the Complaint on or about June 19, 2013.

3.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Statement of Damages, Alternative Dispute Resolution (ADR) Information Package, Notice of Hearing of Case Management Conference, Clerk's Certificate of Service by Mail, and Defendant's Answer are attached as Exhibit 1.  Exhibit 1 is a complete copy of all process, pleadings, and orders served on or filed by Defendant in the Action to date.

4.    Removal of the Action is timely because it is within 30 days from when Defendant was served with the Complaint.  *See* 28 U.S.C. § 1446(b)(1).

5.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Orange.

## **Subject Matter Jurisdiction**

1.   The Complaint, on its face, alleges a claim seeking relief under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

2.   Jurisdiction over Plaintiff's claims is conferred on this Court by 28 U.S.C. § 1331.  The United States District Courts have original jurisdiction founded on a claim arising under the laws of the United States pursuant to 28 U.S.C. § 1331.

3.   Plaintiff's additional causes of action are also properly removed to this Court under 28 U.S.C. § 1367 or 28 U.S.C. § 1441(c).

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**Diversity of Citizenship**

4.     The parties to this action are citizens of different states, and were citizens of different states at the time the action was commenced.

5.     Plaintiff was, at the time of the filing of this action, and still is, a citizen of the State of California, as admitted in her Complaint at Paragraph 1.

6.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  *See also Barrow Dev. Co., Inc. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (an allegation of corporate citizenship that discloses "both the state of incorporation and the location of the corporation's principal place of business" satisfies the removal statute's requirement of a "short and plain statement of the facts").  Defendant BMC Software, Inc. is a citizen of Texas (principal place of business) and Delaware (state of incorporation).  This Defendant is not and was not at the time of commencement of the Action a citizen of California.  *See* Declaration of Chris Chaffin in Support of Notice of Removal, submitted concurrently herewith.

7.     Plaintiff also named 100 "Does" as defendants in this litigation.  However, "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).  The Action is therefore brought between citizens of different states under the definition of 28 U.S.C. § 1332.

**Amount in Controversy**

8.     The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 as required by 28 U.S.C. § 1332(a).  Specifically, the Plaintiff states within her Statement of Damages filed in the Action and attached hereto within Exhibit 1 that she seeks to recover $3,650,000.

///

///

///

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1    WHEREFORE, the above-titled Action is hereby removed to this Court from
2  the Superior Court of the State of California for the County of Orange.

3

4    Dated: July 17, 2013                    MEYER MOSER LANG LLP

5

6                                            By: _____
7                                                 Risa J. Morris

8                                            Attorneys for Defendant
                                             BMC SOFTWARE, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

# Exhibit 1

3:05~

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BMC SOFTWARE, INC., a corporation; and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AIDE ESPINOZA, an individual,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/30/2013** at 02:15:35 PM

Clerk of the Superior Court
By Eleanor Sutter, Deputy Clerk
</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>700 Civic Center Drive West<br>Santa Ana, California 92701 | CASE NUMBER: *(Número del Caso):*<br><br>30-2013-00653142-CU-WT-CJC<br><br>Judge Jamoa A. Moberly |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FARNELL & NORMAN, 2020 Main Street, Suite 770, Irvine, California 92614; (949) 553-1300

| | | | |
|---|---|---|---|
| DATE: 05/30/2013 ALAN CARLSON, Clerk of the Court<br>*(Fecha,* | Clerk, by<br>*(Secretario)* | *Eleanor Sutter* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Eleanor Sutter

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   BMC software, Inc

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

LAW OFFICES OF
**FARNELL & NORMAN**
TRIAL LAWYERS
R. RICHARD FARNELL, BAR NO. 042448
RONALD E. NORMAN, BAR NO. 104752
2020 MAIN STREET, SUITE 770
IRVINE, CALIFORNIA 92614
TELEPHONE (949) 553-1300; FAX (866) 600-2067

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/30/2013** at 02:15:35 PM
Clerk of the Superior Court
By Eleanor Sutter, Deputy Clerk

Attorneys for Plaintiff AIDE ESPINOZA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

AIDE ESPINOZA, an individual,

Plaintiff,

v.

BMC SOFTWARE, INC., a corporation;
and DOES 1 through 100, Inclusive

Defendants.

CASE NO.   30-2013-00653142-CU-WT-CJC

**COMPLAINT FOR:**
1. **SEX DISCRIMINATION;**
2. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS;**
3. **FAILURE TO ACCOMMODATE;**
4. **RETALIATION IN VIOLATION OF FEHA;**
5. **VIOLATION OF PDLL;**
6. **VIOLATION OF CFRA/FMLA;**
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
8. **BREACH OF THE IMPLIED COVENANT OF "GOOD CAUSE";**
9. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
10. **UNFAIR BUSINESS PRACTICES;**
11. **FAILURE TO PAY WAGES AND OVERTIME COMPENSATION**
12. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

Judge Jamoa A. Moberly

Plaintiff AIDE ESPINOZA hereby alleges:

COMPLAINT                                       FARNELL & NORMAN

## GENERAL ALLEGATIONS

1.      Plaintiff AIDE ESPINOZA (hereinafter "Plaintiff" and/or "ESPINOZA") is and at all times mentioned herein was a resident of the County of Orange, State of California.

2.      Plaintiff is informed and believes and thereon alleges that Defendant BMC SOFTWARE, INC. (hereinafter "Defendant" and/or "BMC") is, and at all relevant times was, a corporation organized and existing under the laws of the State of California with its principle place of business in Orange County, California and is an entity subject to suit under the *California Fair Employment and Housing Act* *(FEHA)*.  Defendant BMC was the employer of Plaintiff.

3.      The true and correct names of Defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, and associate or otherwise are not now known to Plaintiff and such Defendants are therefore sued by fictitious names.  Plaintiff will amend her Complaint to allege their true names and capacities when ascertained.   By reference to Defendants, Plaintiff intends to, and does refer to each and all of the Defendants named herein in each and every capacity sued herein.

4.      Plaintiff is informed and believes and upon such information and belief alleges that each of the DOE Defendants is also responsible in some manner for the occurrences herein alleged, and proximately caused injury and damages to Plaintiff.

5.      Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants are now, and have been at all times herein mentioned, the agent, servant, employee, partner, associate, joint venture, co-participant, co-conspirator and/or principal of, or with each of the remaining Defendants, that each Defendant has been, at all times herein mentioned, acting within the scope of such relationship and with the full knowledge, consent, authority, ratification and/or permission of each of the remaining Defendants.

6.      Plaintiff is informed and believes and thereon alleges that Defendants adopted, ratified and authorized the conduct of their Co-Defendants and had advanced knowledge of the fitness of their employees and employees of their Co-Defendants.  Each act complained herein

2

1 | was performed, ratified, condoned and known about by an officer, director or managing agent of

2 Defendants.  Plaintiff is informed and believes and thereon alleges that Defendants aided and

3 abetted and conspired with each and every other Defendant to commit each act alleged herein.

4     7.    Beginning on or about May 16, 2011 ESPINOZA was employed as an executive

5 assistant by Defendant BMC in Orange County, California.  Plaintiff was wrongfully terminated

6 on or about April 2, 2013.  During the term of her employment, ESPINOZA received positive

7 employment reviews and comments and at all times performed her job diligently and

8 conscientiously and did nothing to justify discrimination, retaliation or discharge for cause or

9 otherwise.

10     8.    Plaintiff timely exhausted her administrative remedies by filing complaints

11 against each Defendant with, and requesting Right-to-Sue notices from the *California*

12 *Department of Fair Employment and Housing ("DFEH")*.

13     9.    The *DFEH* issued Plaintiff's Right-to-Sue notices.

**FIRST CAUSE OF ACTION**

**Sex Discrimination in Violation of**

***Government Code § 12940, et seq.***

**(Against All Defendants)**

18     10.    Plaintiff realleges and incorporates herein by reference the allegations contained

19 in paragraphs 1 through 9, inclusive of the General Allegations as though set forth herein.

20     11.    Under the *Fair Employment and Housing Act, Cal. Government Code* § 12940

21 prohibits employment discrimination on the basis of "sex", and states it is an unlawful

22 employment practice for an employer, because of a person's sex to refuse to hire or employ the

23 person... to bar or discharge the person from employment, or to discriminate against the person

24 in compensation or in terms, conditions or privileges of employment. The legislature enacted the

25 *FEHA* to provide effective remedies to eliminate such sex discrimination. *(Cal. Government*

26 *Code § 12920.)* "Sex" is defined to include "pregnancy, childbirth, breastfeeding or medical

27

3

COMPLAINT      FARNELL & NORMAN

1    conditions related to pregnancy, childbirth or breastfeeding." *42 USC* § 2000e (k); *Cal.*

2    *Government Code* § 12926(q)(1).

3       12.    Plaintiff was hired at BMC as an executive assistant on or about May 16, 2011.

4    Plaintiff received nothing but positive reviews for more than one year while working at BMC. In

5    August of 2012, ESPINOZA informed her supervisor, Ali Hedayati, that she was pregnant and

6    that she was having complications. Not long thereafter, in or around November of 2011,

7    ESPINOZA was put on a "performance plan" because ESPINOZA allegedly "didn't answer the

8    phone in time." This allegation was completely false. Plaintiff is informed and believes she was

9    put on a performance plan because Defendants, and each of them, were unhappy that her

10    pregnancy might affect her work.

11       13.    ESPINOZA had a miscarriage in or around 2011. ESPINOZA did not hear about

12    the performance plan again, and so a couple months after being told she was being put on a

13    performance plan, ESPINOZA inquired as to what was required of the plan. ESPINOZA was

14    informed by her supervisor, Ali Hedayati, that "everything was fine." ESPINOZA continued to

15    work for some eight months with nothing but good remarks.

16       14.    On or about March 18, 2013, ESPINOZA informed her supervisor, Ali Hedayati,

17    that ESPINOZA was pregnant for a second time. ESPINOZA also informed Ali Hedayati at this

18    time that ESPINOZA's doctor considered ESPINOZA to be in a "high risk" pregnancy and that

19    ESPINOZA's doctor thought it was best that ESPINOZA work from home. ESPINOZA also

20    informed Human Resources at BMC that she needed to work from home due to her high risk

21    pregnancy. ESPINOZA was completely willing and able to complete all of her job duties from

22    her home.

23       15.    Human Resources at BMC informed ESPINOZA that BMC would need a

24    doctor's note stating she was only able to work from home and the reason for this. ESPINOZA

25    gave BMC the requested documentation. Human Resources told ESPINOZA that they would get

26    back to her and let her know if BMC was going to accommodate her.

27

COMPLAINT           FARNELL & NORMAN

16.     On or about April 2, 2013, ESPINOZA still had not heard whether BMC was going to accommodate her disability.  On or about April 2, 2013, ESPINOZA was informed that she was being terminated from BMC.  ESPINOZA was terminated because she was being discriminated against based on her disability.

17.     Plaintiff was terminated because of her pregnancy.  Further, Plaintiff was retaliated against for asking for an accommodation for her pregnancy.

18.     Defendants' termination of Plaintiff's employment and refusal to consider Plaintiff for alternate positions or to make other reasonable accommodations for her pregnancy, as described above, constitutes prohibited acts of discrimination, in violation of *Cal. Government Code § 12940, et seq.*

19.     Defendants' failed to engage in an interactive process with Plaintiff to determine whether Defendants could accommodate Plaintiff's pregnancy.

20.     Defendants' failed and refused to accommodate Plaintiff's needs based on her pregnancy.  In doing so, and failing and refusing to accommodate Plaintiff, Defendants, and each of them, have violated *Cal. Government Code § 12940.*

21.     At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's pregnancy, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

22.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

23.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

COMPLAINT                                    FARNELL & NORMAN

24.     The acts and conduct of Defendants and each of them, constituted "malice" (as that term is defined in *Cal. Civil Code* § 3294(c)(1)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

25.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

26.     Plaintiff is entitled to attorneys' fees pursuant to *Cal. Government Code* § 12965(b).

## SECOND CAUSE OF ACTION

### Failure to Engage in Interactive Process

### (Against All Defendants)

27.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 26 of this complaint.

28.     Defendants failed to engage in an interactive process with Plaintiff to determine whether Defendants could accommodate Plaintiff's pregnancy.  In doing so, and failing and refusing to engage in an interactive process with Plaintiff, Defendants and each of them, violated *Government Code § 12940(n)*.

29.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

COMPLAINT                                                           FARNELL & NORMAN

30.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

31.     The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in California *Civil Code § 3294(c)(1))*, in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

32.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

33.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965.*

### THIRD CAUSE OF ACTION

### Failure to Accommodate

### (Against All Defendants)

34.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 33 of this complaint.

35.     Defendants failed and refused to accommodate Plaintiff's needs based on her medical condition / pregnancy.  In doing so, and failing and refusing to accommodate Plaintiff, Defendants, and each of them, have violated *Government Code § 12940.*

7

36.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

37.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

38.     The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in California *Civil Code § 3294(c)(1))*, in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

39.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

40.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965.*

### FOURTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (Against All Defendants)

41.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 40 of this complaint.

42.     In or around March 18, 2013, the Plaintiff requested reasonable accommodations from BMC as a result of her pregnancy, including a request to work from home.

COMPLAINT                          FARNELL & NORMAN

43.     Defendants' failed to engage in any sort of good faith interactive process to accommodate Plaintiff's pregnancy, in violation of *Government Code § 12940, et seq.*

44.     Thereafter, in or about April 2, 2013, the Plaintiff was terminated from her employment in retaliation for her attempt to exercise her rights to accommodation under the *FEHA.* Defendants' discharge of the Plaintiff because of her requests for reasonable accommodations for her pregnancy constitutes prohibited acts of retaliation in violation of California *Government Code § 12940, et seq.*

45.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

46.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

47.     The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in California *Civil Code § 3294(c)(1)),* in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

48.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

49.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965.*

<div align="center">9</div>

# FIFTH CAUSE OF ACTION

## Violation of the PDLL

### (Against All Defendants)

50.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 49 of this complaint.

51.     The provisions of California's Pregnancy Disability Leave Law ("PDLL") are contained within the broader provisions of the *FEHA*. The PDLL provides that, "[i]n addition to the provisions that govern pregnancy, childbirth, or a related medical condition in Sections 12926 and 12940," an employer must "allow a female employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work, as set forth in the commission's regulations. The employee shall be entitled to utilize any accrued vacation leave during this period of time. Reasonable period of time means that period during which the female employee is disabled on account of pregnancy, childbirth, or a related medical condition..." *Cal. Gov. Code* § 12945(a)(1). The PDLL further provides that "[t]his section shall not be construed to affect any other provision of law relating to sex discrimination or pregnancy, or in any way to diminish the coverage of pregnancy, childbirth, or a medical condition related to pregnancy or childbirth under any other provision of this part, including subdivision (a) of Section 12940." *Cal. Gov. Code* § 12945(b).

52.     The regulations implementing the PDLL provide, in pertinent part, that "[a]ll employers must provide a leave of up to four months, as needed, for the period(s) of time an employee is actually disabled because of pregnancy even if an employer has a policy or practice that provides less than four months of leave for other similarly situated temporarily disabled employees." *2 Cal. Code Regs.* § 7291.9(a). "If an employer has a more generous leave policy for similarly situated employees with other temporary disabilities than is required for pregnancy purposes under these regulations, the employer must provide the more generous leave to employees temporarily disabled by pregnancy." *2 Cal. Code Regs.* § 7291.9(b). Thus, under the

10

1  PDLL, an employee disabled by pregnancy is entitled to up to four months of disability leave,

2  regardless of any hardship to her employer. *Cal. Gov. Code* § 12945(a).

3        53.    ESPINOZA was entitled to four months pregnancy leave under the PDLL since,

4  due to her high risk pregnancy, ESPINOZA was deemed "disabled" from her pregnancy under

5  the PDLL.  Instead, BMC wrongfully terminated ESPINOZA.  This is so although ESPINOZA

6  was willing and able to perform her job duties from home, as ESPINOZA's doctor required

7  ESPINOZA to do, and as ESPINOZA requested of BMC.

8        54.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained

9  and continues to sustain economic damages in earnings and other employment benefits in an

10  amount according to proof.

11        55.    As a further direct and proximate result of the Defendants' unlawful employment

12  practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but

13  not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

14        56.    The acts and conduct of Defendants and each of them, constituted "malice" (as

15  that term is defined in *Cal. Civil Code* § 3294(c)(1)), in that it was intended by Defendants, and

16  each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

17  Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

18        57.    The acts of Defendants, and each of them, were done fraudulently, maliciously

19  and oppressively and with the advance knowledge, conscious disregard, authorization,

20  ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of

21  Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct

22  of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit

23  and concealment of material facts known to Defendants, and each of them, with the intention on

24  the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of

25  exemplary and punitive damages in an amount according to proof.

26        58.    Plaintiff is entitled to attorneys' fees.

27  ///

### SIXTH CAUSE OF ACTION

### Violation of the CFRA/FMLA

### (Against All Defendants)

59.   Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 58 of this complaint.

60.   Employees may be eligible to take up to 12 weeks of leave under the CFRA if they have worked for their employer for at least 12 months, and have worked for at least 1,250 hours over the previous 12 months, at a location where at least 50 employees are employed by the employer within 75 miles. *2 Cal. Code Regs.* § 7297.0(e). Employees are eligible for FMLA leave under the same conditions required of the CFRA. See 29 U.S.C. § 2611(2); Cal. Government Code § 12945.2(a)(b); 2 Cal. Code Regs. § 7297.0(e).

61.   FMLA allows family leave for a period of up to 12 weeks for the birth of a child of the employee, and also allows a pregnant employee to take leave before the actual date of birth of the child for prenatal care if the employee's condition makes her disabled and unable to work. 29 C.F.R. § 825.112(c).

62.   ESPINOZA worked at BMC for at least 12 months prior to being wrongfully terminated. ESPINOZA worked for at least 1,250 hours over the 12 month span prior to being wrongfully terminated. ESPINOZA worked at a location of BMC where at least 50 employees were employed by BMC within 75 miles. ESPINOZA gave sufficient notice to BMC of her "high risk" pregnancy. As such, ESPINOZA was entitled to CFRA pregnancy leave of 12 weeks in addition to the four months she was entitled to under the PDLL. Instead of allowing ESPINOZA leave under the CFRA, BMC wrongfully terminated ESPINOZA. This is so although ESPINOZA was willing and able to perform all of her job functions from home, as was required by ESPINOZA's doctor, and as was requested by ESPINOZA of BMC.

63.   ESPINOZA was also entitled to FMLA leave for the birth of her child. Instead of allowing ESPINOZA leave under the FMLA, BMC wrongfully terminated ESPINOZA. This is

12

1  so although ESPINOZA was willing and able to perform all of her job functions from home, as

2  was required by ESPINOZA's doctor, and as was requested by ESPINOZA of BMC.

3      64.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained

4  and continues to sustain economic damages in earnings and other employment benefits in an

5  amount according to proof.

6      65.    As a further direct and proximate result of the Defendants' unlawful employment

7  practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but

8  not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

9      68.    The acts and conduct of Defendants and each of them, constituted "malice" (as

10 that term is defined in *Cal. Civil Code* § 3294(c)(1)), in that it was intended by Defendants, and

11 each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

12 Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

13     69.    The acts of Defendants, and each of them, were done fraudulently, maliciously

14 and oppressively and with the advance knowledge, conscious disregard, authorization,

15 ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of

16 Defendants' officers, directors, or managing agents of the corporation. The actions and conduct

17 of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit

18 and concealment of material facts known to Defendants, and each of them, with the intention on

19 the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of

20 exemplary and punitive damages in an amount according to proof.

21     70.    Plaintiff is entitled to attorneys' fees.

22                    **SEVENTH CAUSE OF ACTION**

23            **Wrongful Termination in Violation of Public Policy**

24                      **(Against All Defendants)**

25     71.    Plaintiff complains, realleges, repleads and incorporates as though fully set forth

26 herein, each and every paragraph 1 through 70 of this complaint.

27

13

COMPLAINT                                FARNELL & NORMAN

72.     Under California law, no employee can be terminated for a reason that is in violation of a fundamental public policy, which is any articulable constitutional, statutory, or regulatory provision that is concerned with a matter impacting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.  Plaintiff is informed and believes, and thereupon alleges, that Defendants terminated Plaintiff in violation of the following well established, public, substantial and fundamental public policies:

(a)     The public policies set forth in *Government Code § 12945.2 (CFRA),* establishing rights for employees who are pregnant;

(b)     The public policies set forth in *Government Code § 12945 (PDLL),* establishing rights for employees who are pregnant;

(c)     The public policies set forth in *Government Code § 12940, et seq.,* prohibiting employers from discriminating and retaliating against any individual based upon sex, including pregnancy or a perceived pregnancy, and for discriminating against and discharging any individual for engaging in protected activities under *Government Code § 12940;*

(d)     *California Business and Professions Code § 17200, et seq.,* which prohibits an employer from engaging in unlawful business practices in order to gain unfair advantage over competitors who comply with said laws and as a result earn less profit.

(e)     All other state and federal statutes, regulations, administrative orders and ordinances which effect society at large and which discovery will reveal or violate by all named and Doe Defendants.

73.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

74.     As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

14

COMPLAINT                                     FARNELL & NORMAN

75.     The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in *California Civil Code § 3294(c)(1))*, in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

76.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

77.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965.*

### EIGHTH CAUSE OF ACTION

### Breach of the Implied Covenant of "Good Cause"

### For Termination

### (Against All Defendants)

78.     Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 77 of this complaint.

79.     The employment agreement and relationship as described hereinabove contains an implied covenant that the employer not discharge Plaintiff without "good cause," whereby Defendants were prohibited from discharging the Plaintiff without "good cause" and in violation of California law and public policy.

80.     As alleged hereinabove, the Plaintiff properly performed all duties and conditions of her employment and reasonably relied upon the covenant that Defendants not discharge Plaintiff without "good cause."  Nevertheless, Defendants breached the covenant by discharging

15

1   the Plaintiff without "good cause" and in violation of the public policy and the laws of the State

2   of California, with the intent to injure the Plaintiff and to deny her the benefits of her

3   employment with Defendants.

4         81.   As a direct and proximate result of Defendants' wrongful conduct, the Plaintiff

5   has sustained economic damages in earnings and other employment benefits in an amount

6   according to proof.

7   <center>**NINTH CAUSE OF ACTION**</center>

8   <center>**Breach of the Implied Covenant of Good Faith and Fair Dealing**</center>

9   <center>**(Against All Defendants)**</center>

10         82.   Plaintiff complains, realleges, repleads and incorporates as though fully set forth

11   herein, each and every paragraph 1 through 81 of this complaint.

12         83.   The employment agreement and relationship as described hereinabove contains an

13   implied relationship of good faith and fair dealing which obligates each party to the employment

14   relationship to act with fairness and in good faith toward each other and Defendants were

15   obligated to exercise fairness and good faith in all matters pertaining to the Plaintiff's

16   employment and to do nothing to injure the Plaintiff or to deprive the Plaintiff of the benefits

17   thereof.  Specifically, the implied covenant of good faith and fair dealing prohibits Defendants

18   from discharging the Plaintiff without cause and in violation of California law and public policy.

19         84.   Defendants breached the covenant of good faith and fair dealing by discharging

20   the Plaintiff without cause and in violation of public policy and laws of the State of California,

21   with the intent to injure the Plaintiff and deny her the benefits of her employment with

22   Defendants.

23         85.   As a direct and proximate result of Defendants' wrongful conduct, the Plaintiff

24   has sustained economic damages in earnings and other employment benefits in an amount

25   according to proof.

26

27

<center>16</center>

## TENTH CAUSE OF ACTION

### Unfair Business Practices

### Violation of *Business and Professions Code §17200, et seq.*

### (Against All Defendants)

86.　Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 85 of this complaint.

87.　Defendants conduct, including but not limited to the wrongful discharge, discrimination, failure to comply with public polices, and failure to comply with the *Labor Code*, as alleged hereinabove, constitutes unfair business practices in violation of *Business and Professions Code § 17200, et seq.*

88.　Plaintiff seeks restitution of all unlawfully retained wages and commissions obtained through the unfair business practices arising from the above violations of the *California Labor Code*, pursuant to *Business and Professions Code § 17203.*

89.　Plaintiff seeks an injunction against said practices.

90.　Said remedies are necessary in order to deter unfair business practices and in order to provide restitution for unfair business practices.

## ELEVENTH CAUSE OF ACTION

### Failure to Pay Wages and Overtime Compensation

### in Violation of *Labor Code §1194*

### (Against All Defendants)

91.　Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 90 of this complaint.

92.　During the period of Plaintiff's employment, the Plaintiff was not properly compensated by Defendants for all hours worked or at the legal rate of pay for hours worked or for overtime hours and consecutive days worked without time off.

17

93.     Under *Labor Code §1194*, it is improper for an employee to receive less than the legal minimum wage or the legal overtime compensation, notwithstanding any agreement to work for a lesser wage.

94.     In addition, Wage Order No. 5-2001 of the *California Industrial Welfare Commission* sets forth that the employee shall not be employed more than 8 hours in any work day or more than 40 hours in any work week unless the employee receives 1-1/2 times such employee's regular rate of pay for all hours worked over 40 hours in a work week.  8 hours of labor constitutes a day's work.

95.     In addition, Wage Order No. 5-2001 sets forth that the employee is entitled to double the regular rate of pay for all hours worked in excess of 12 hours in any work day and for all hours worked in excess of 8 hours in the 7 consecutive day of the work week.

96.     Further, the Plaintiff was not compensated for the multiple hours she was forced to work "off the clock", or for overtime wages.  Pursuant to *Labor Code §203,* Plaintiff was entitled to receive all accrued but unpaid wages at the time of the termination of her employment.  Since Defendant failed to pay all outstanding compensation to Plaintiff, Defendant is liable for waiting time penalties up to a maximum of 30 days of Plaintiff's gross pay and interest of 10 percent per annum on the entire amount due.

97.     Therefore Defendants owe Plaintiff the difference between the amount of wages owed pursuant to statute and the wage orders and the amount actually paid to Plaintiff.  The Defendant further owes to Plaintiff the amount of wages unpaid to Plaintiff for the hours Plaintiff worked "off the clock".  Defendant has failed and refused and continues to fail and refuse to pay Plaintiff the amount owed.

98.     Plaintiff is further entitled to damages pursuant to *Labor Code §226* in an amount to be proven at trial, for its failure to keep accurate records of Plaintiff's hours of labor and to prepare and submit to Plaintiff at least twice per month an itemized statement accurately showing the total hours worked by Plaintiff.

99.     Pursuant to *Labor Code §1194(a)*, Plaintiff requests that the court award Plaintiff reasonable attorneys fees and costs incurred by her in this action.

## TWELFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

100.    Plaintiff complains, realleges, repleads and incorporates as though fully set forth herein, each and every paragraph 1 through 99 of this complaint.

101.    The above described conduct of Defendants in wrongfully discharging Plaintiff in violation of public policies, and discriminating and retaliating against Plaintiff in violation of, among others, the *FEHA* was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress. Defendants' conduct was further done with a wanton and reckless disregard of the consequences to Plaintiff.

102.    As a direct and proximate result of the aforementioned conduct of the Defendants, Plaintiff has suffered and continues to suffer from severe emotional distress, as a result of the discriminatory and retaliatory conduct as described herein.

103.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

104.    As a further direct and proximate result of the Defendants' unlawful employment practices, the Plaintiff has suffered noneconomic damages and emotional distress, including but not limited to humiliation, embarrassment, loss of sleep, anxiety, and depression.

105.    The acts and conduct of Defendants, and each of them, constituted "malice" (as that term is defined in California *Civil Code § 3294(c)(1))*, in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

COMPLAINT                                    FARNELL & NORMAN

106.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code § 3294* on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property or legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

107.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code § 12965.*

## PRAYER

Plaintiff AIDE ESPINOZA prays for judgment against Defendants and each of them as follows:

1.    For compensatory and special damages according to proof at the time of trial;

2.    For general damages according to proof at the time of trial;

3.    For restitution and injunctive relief;

4.    For punitive and exemplary damages where allowed by law;

5.    For prejudgment interest; and

6.    For attorneys' fees pursuant to, among others, *Government Code § 12965(b);*

7.    For such other and further relief as the Court may deem just and proper.


Dated: May 30 , 2013                         FARNELL & NORMAN

                                             By:_____
                                                RONALD E. NORMAN
                                                Attorneys for Plaintiff
                                                AIDE ESPINOZA

20

**DEMAND FOR JURY TRIAL**

Plaintiff AIDE ESPINOZA hereby demands a trial by jury.

Dated:  May 30 , 2013                    FARNELL & NORMAN

                                    By: _____
                                            RONALD E. NORMAN
                                            Attorneys for Plaintiff
                                            AIDE ESPINOZA

21

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF FARNELL & NORMAN (SBN#104752)<br>2020 Main Street, Suite 770<br>Irvine, California 92614<br>(949) 553-1300 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**05/30/2013** at 02:15:35 PM<br>Clerk of the Superior Court<br>By Eleanor Sutter, Deputy Clerk |

TELEPHONE NO.: (949) 553-1300    FAX NO.: (866) 600-2067
ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Post Office Box 838
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Judicial District

CASE NAME:
AIDE ESPINOZA v. BMC SOFTWARE, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2013-00653142-CU-WT-CJC |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Jamoa A. Moberly<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 12
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 30, 2013
RONALD E. NORMAN
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Ronald E. Norman, Esq. (SBN #104752)<br>Law Offices of Farnell & Norman<br>2020 Main Street, Suite 770<br>Irvine, California 92614<br>ATTORNEY FOR *(name):* Plaintiff | (949) 553-1300 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS: P.O. Box 838
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Judicial District

PLAINTIFF: AIDE ESPINOZA
DEFENDANT: BMC SOFTWARE, INC., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2013-00653142-CU-WT-CJC |
|---|---|

To *(name of one defendant only):* BMC SOFTWARE, INC.
Plaintiff *(name of one plaintiff only):* AIDE ESPINOZA
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. [✓] Pain, suffering, and inconvenience | $ | 500,000.00 |
| b. [✓] Emotional distress. | $ | 500,000.00 |
| c. [ ] Loss of consortium | $ | |
| d. [ ] Loss of sociey and companionship *(wrongful death actions only)* | $ | |
| e. [ ] Other *(specify)* | $ | |
| f. [ ] Other *(specify)* | $ | |
| g. [ ] Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. [ ] Medical expenses *(to date)* | $ | |
| b. [ ] Future medical expenses *(present value)* | $ | |
| c. [✓] Loss of earnings *(to date)* | $ | 150,000.00 |
| d. [✓] Loss of future earning capacity *(present value)* | $ | 500,000.00 |
| e. [ ] Property damage | $ | |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ | |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ | |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ | |
| i. [ ] Other *(specify)* | $ | |
| j. [ ] Other *(specify)* | $ | |
| k. [ ] Continued on Attachment 2.k. | | |

3. [✓] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $ 2,000,000.00 when pursuing a judgment in the suit filed against you.

Date:    May 30, 2013

Ronald E. Norman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                              Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name)*:                        Bar No.: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐   Mediation

☐   Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐   Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐   I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐   The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____        _____        _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____        _____        _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)

California Rules of Court, rule 3.221

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  700 W. Civic Center DRIVE | **FILED** |
| MAILING ADDRESS:  P.O. Box 22014 | SUPERIOR COURT OF CALIFORNIA |
| CITY AND ZIP CODE: Santa Ana 92702 | COUNTY OF ORANGE |
| BRANCH NAME:  Central Justice Center | |
| PLANTIFF:Aide Espinoza | Jun 07, 2013 |
| DEFENDANT:BMC Software, Inc | ALAN CARLSON, Clerk of the Court |
| Short Title: Espinoza vs. BMC Software, Inc | By: Maria L. Concepcion, Deputy |

| | |
|---|---|
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2013-00653142-CU-WT-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>   has been scheduled for hearing on <u>09/09/2013</u> at <u>09:00:00 AM</u> in Department <u>C12</u>  of this court, located at <u>Central Justice Center</u> .

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Espinoza vs. BMC Software, Inc

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2013-00653142-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 06/07/2013. The mailing occurred at Sacramento, California on 06/10/2013.

Clerk of the Court, by: _____ , Deputy

LAW OFFICES OF FARNELL & NORMAN
2020 MAIN STREET # 770
IRVINE, CA 92614

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)                                                                 Code of Civil Procedure , § CCP1013(a)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** Espinoza vs. BMC Software, Inc

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2013-00653142-CU-WT-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>06/07/2013</u>. The mailing occurred at <u>Sacramento</u>, <u>California</u> on <u>06/10/2013</u>.

Clerk of the Court, by: _____ , Deputy

LAW OFFICES OF FARNELL & NORMAN
2020  MAIN STREET # 770
IRVINE, CA 92614

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)                                                    Code of Civil Procedure , § CCP1013(a)

1   Risa J. Morris (State Bar No. 221179)
    E-mail: rmorris@mmlfirm.com
2   MEYER MOSER LANG LLP
    9911 W. Pico Blvd., Suite 1560
3   Los Angeles, California 90035
    Telephone: (213) 330-1760
4   Facsimile: (415) 276-9342
5

6   ATTORNEYS FOR DEFENDANT
    BMC SOFTWARE, INC.
7

8                    SUPERIOR COURT OF CALIFORNIA
9                        COUNTY OF ORANGE
10

11  AIDE ESPINOZA, an individual          CASE NO.  30-2013-00653142-CU-WT-
                                          CJC
12               Plaintiff,
                                          Judge Jamoa A. Moberly
13         v.
                                          ANSWER OF DEFENDANT BMC
14  BMC SOFTWARE, INC., a corporation; and SOFTWARE, INC. TO PLAINTIFF'S
    DOES 1 through 100, Inclusive,        UNVERIFIED COMPLAINT
15
                                          Complaint Filed:     May 30, 2013
16               Defendant.

17

18        Defendant BMC Software, Inc. ("Defendant") answers the Unverified Complaint of

19  Plaintiff Aide Espinoza ("Plaintiff") as follows:

20                            **GENERAL DENIAL**

21        Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each

22  and every allegation contained in the Complaint, which is unverified, and the whole thereof, and

23  further denies that Plaintiff is entitled to damages or any other relief from Defendant in the sums

24  alleged, in any other sum, or at all, by reason of any act, breach or omission by Defendant.

25  ///

26  ///

27  ///

28  ////

## **AFFIRMATIVE DEFENSES**

As to affirmative defenses to the Unverified Complaint, Defendant does not by stating the matters set forth in these defenses allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as toany matters as to which Plaintiff has the burden.  As separate and distinct defenses to the Unverified Complaint and each of the causes of action alleged therein, Defendant alleges as follows:

### **First Affirmative Defense**

### **(Failure to State a Cause of Action)**

The Unverified Complaint, and each purported cause of action therein alleged, fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

### **Second Affirmative Defense**

### **(Legitimate, Nondiscriminatory and Nonretaliatory Reasons)**

Any and all of Defendant's actions were based on legitimate, nondiscriminatory and nonretaliatory reasons.

### **Third Affirmative Defense**

### **(Job-Related and Necessary)**

Any and all of Defendant's actions were job-related and consistent with business necessity.

### **Fourth Affirmative Defense**

### **(Failure to Exhaust Administrative Remedies)**

To the extent that Plaintiff has failed to exhaust her administrative remedies, the causes of action in the Unverified Complaint are barred in whole or in part.

///

////

///

2

1

### **Fifth Affirmative Defense**

2

### **(Failure to Exhaust Employer's Internal Grievance Procedures**

3

### **and Related Judicial Remedies)**

4

Plaintiff failed to exhaust Defendant's internal grievances procedures and related judicial

5

remedies, and failed to provide reasonable notice to Defendant of any wrongful conduct.

6

7

### **Sixth Affirmative Defense**

8

### **(Failure to Mitigate)**

9

Plaintiff has failed and continues to fail to mitigate or avoid her damages, if any, and as a

10

result, her recovery under the Unverified Complaint and each purported cause of action therein

11

should be barred or decreased.

12

13

### **Seventh Affirmative Defense**

14

### **(Defendant' Good Faith)**

15

Any and all of Defendant' actions were taken in good faith and in a fair and equitable

16

manner so as to bar some or all of the claims of Plaintiff's Unverified Complaint.

17

### **Eighth Affirmative Defense**

18

### **(Plaintiff's or Other's Conduct)**

19

If any damage and/or breach complained of by Plaintiff in fact has occurred, such damage

20

and/or breach was in truth and in fact the sole result of Plaintiff's actions and/or inactions or that

21

of a third party, and not as the result of any action or inaction on the part of Defendant.

22

### **Ninth Affirmative Defense**

23

### **(Comparative Fault)**

24

Defendant alleges that any alleged damage, loss, injury or detriment suffered was directly

25

and proximately caused and contributed to, either wholly or partially, by the strict liability, breach

26

of warranty, conduct, acts, activities, carelessness, recklessness, fault, negligence, and/or

27

omissions of Plaintiff and/or another, thereby completely or partially barring Plaintiff's recovery

28

3

1    herein according to the principles of comparative fault.

2

### Tenth Affirmative Defense

3

### (Plaintiff Breached Duties)

4

5        Some or all of Plaintiff's claims are barred, in whole or in part, by her own breaches of

duties owed to Defendant under California Labor Code §§ 2854 and/or 2856-2859.

6

7

### Eleventh Affirmative Defense

8

### (Statute of Limitations)

9

10        Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations,

including, but not limited to, 29 U.S.C. 255, California Code of Civil Procedure §§ 337, 337.1,

11

338, 339 and 340 and California Government Code §§ 12960 and 12965.

12

13

### Twelfth Affirmative Defense

14

### (Laches)

15        Plaintiff's claims are barred by the equitable doctrine of laches.

16

17

### Thirteenth Affirmative Defense

### (Waiver)

18

19        Plaintiff's claims are barred by the doctrine of waiver.

20

### Fourteenth Affirmative Defense

21

### (Estoppel)

22        Plaintiff's claims are barred by the doctrine of estoppel.

23

### Fifteenth Affirmative Defense

24

### (Unclean Hands)

25

26        Plaintiff's claims are barred by the doctrine of unclean hands.

27    ///

28    ///

4

1

**Sixteenth Affirmative Defense**

2

**(Avoidable Consequences)**

3

Plaintiff's recovery under the Unverified Complaint should be barred, or reduced, because

4

she failed to avoid harm she could have avoided with reasonable efforts or expenditures.

5

6

**Seventeenth Affirmative Defense**

**(Exclusive Remedy)**

7

8

Plaintiff's claims are barred by the exclusive remedy provisions of the California

9

Workers' Compensation Act, California Labor Code § 3600 *et seq.* because the injury/ies Plaintiff

asserts is/was/were/are compensable under the Act.

10

11

**Eighteenth Affirmative Defense**

12

**(Prohibited Conduct)**

13

Plaintiff is not entitled to the relief requested in the Unverified Complaint because, even if

14

unlawful actions occurred, which Defendant denies, such conduct was prohibited by Defendant'

15

policies.

16

**Nineteenth Affirmative Defense**

17

**(Setoff and/or Recoupment of Payments)**

18

Defendant is entitled to setoff, and/or to recoup, monies paid to Plaintiff, and some or all

19

of Plaintiff's claims are barred, in whole or in part, by exclusions, exceptions or credits under

20

California law.

21

**Twentieth Affirmative Defense**

22

**(Punitive Damages Barred by Policies)**

23

Plaintiff's claim for punitive damages is barred because Defendant had sufficient written

24

policies concerning the subjects of her claims.

25

26

**Twenty-First Affirmative Defense**

**(No Mental and Emotional Distress Damages)**

27

28

If Plaintiff has suffered any emotional distress, which Defendant denies, such emotional

5

distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on their behalf.   To the extent Plaintiff suffered any emotional distress, Plaintiff contributed to her own distress and, by reason of her contribution, any remedy to which she might otherwise be entitled must be denied or reduced accordingly.

### **Twenty-Second Affirmative Defense**

### **(Punitive Damages Barred by Constitutions)**

The United States and California Constitutions bar any claim by Plaintiff for punitive damages.

### **Twenty-Third Affirmative Defense**

### **(Reservation of Rights)**

Defendant has not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.   Defendant further reserves the right to amend its answer and/or defenses.   During the course of discovery, Defendant further reserves the right to withdraw any defenses that it determines are not applicable.   Nothing stated in this reservation is a concession as to whether or not Plaintiff bears the burden of proof on any issue.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant pray for judgment as follows:

1.       That Plaintiff recover nothing under her Unverified Complaint;

2.       That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.       That Defendant be awarded reasonable attorneys' fees according to proof and as provided by law;

4.       That Defendant be awarded the costs in defending this suit; and

///

///

6

1    5.    That Defendant be awarded such other and further relief as the Court may deem

2    appropriate.

3

4    Dated: July 16, 2013                    MEYER MOSER LANG LLP

5

6    By: _____

7         Risa J. Morris

8    Attorney for Defendant
     BMC SOFTWARE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

I am over the age of 18 and not a party to the within action; I am employed by MEYER

4

MOSER LANG LLP at 708 Main Street, Suite 200, Houston, Texas 77002.

5

On July 16, 2013, I served the foregoing document(s) described as **ANSWER OF DEFENDANT BMC SOFTWARE, INC. TO PLAINTIFF'S UNVERIFIED COMPLAINT**

6

by placing the true copies thereof enclosed in a sealed envelope addressed as follows:

7

Ronald E. Norman
Law Offices of Farnell & Norman

8

2020 Main Street, Suite 770
Irvine, California 92614

9

10

__X__   **(BY MAIL)**  I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of MEYER MOSER LANG LLP, and

11

addressed as shown on the attached service list, for deposit in the United States Postal Service.  I am readily familiar with the firm's practice for collection and processing

12

correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course

13

of business.

14

_____   **(BY OVERNIGHT MAIL)**  I enclosed the document(s) in an envelope or package by an overnight delivery carrier and addressed to the person(s) at the address(es) listed

15

above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

16

_____   **(BY E-MAIL OR ELECTRONIC TRANSMISSION)**  I sent the documents to the persons at the e-mail addresses listed on the attached mailing list.  I did not receive,

17

within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

18

19

_____   **(BY FACSIMILE)**  I transmitted the above-referenced document(s) to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service

20

list.

21

_____   **(BY PERSONAL SERVICE)**  I delivered such envelope(s) by hand to the offices of the addressee(s).

22

__X__   (State) I declare under penalty of perjury under the laws of the State of California that the

23

above is true and correct.

24

_____   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the

25

above is true and correct.

26

Executed on July 16, 2013 at Houston, Texas.

27

Judi Foster

28

**CASE NO.  30-2013-00653142-CU-WT-CJC PROOF OF SERVICE**